OPINION
{¶ 1} Defendant, Jennifer Furrow, appeals from her conviction and sentence for murder, tampering with evidence, and abuse of a corpse. The offenses arose from Furrow's shotgun killing of her mother.
 {¶ 2} Defendant was initially indicted on count of aggravated murder, R.C. 2903.01(A), one count of tampering with evidence, R.C. 2921.12(A)(1), and one count of abuse of a corpse, R.C.2927.01(A). A three year firearm specification was attached to the aggravated murder charge. R.C. 2941.145. After competency and sanity evaluations were completed, Defendant entered pleas of guilty to an amended charge of murder, R.C. 2903.02(A), with the attached firearm specification, and to tampering with evidence and abuse of a corpse. She was convicted on her guilty pleas.
 {¶ 3} The trial court sentenced Defendant on the murder conviction to fifteen years to life imprisonment, plus an additional and consecutive three years on the firearm specification. On the tampering with evidence conviction, the trial court sentenced Defendant to a four year prison term, to be served consecutively to the sentence for murder. The trial court also sentenced Defendant to ninety days imprisonment on her conviction for abuse of a corpse, to be served concurrently with the other sentences. Thus, Defendant received a total aggregate sentence of twenty-two years to life. In addition, the trial court ordered Defendant to pay court costs, including the costs of her legal representation, at the rate of fifty dollars per month beginning two months after her release from prison.
 {¶ 4} Defendant has timely appealed to this court from her conviction and sentence. She challenges only her sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "The trial court erred to defendant-appellant's prejudice by imposing consecutive sentences for the tampering with evidence charge to the aggravated murder charge and the gun specification charge without the Existence of Sufficient Grounds under R.C. 2929.14(E)(4)."
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "The trial court erred to defendant-appellant's prejudice by imposing a consecutive sentence for the tampering with evidence conviction to the murder with firearm conviction without making the statutorily enumerated findings or giving the reasons supporting those findings."
 {¶ 7} In these related assignments of error, Defendant challenges the consecutive sentences the court imposed for murder, with a firearm specification, and for tampering with evidence. The State argues that we lack jurisdiction to hear the appeal, for two reasons.
 {¶ 8} The State first argues that Defendant failed to seek prior leave of court for review of her consecutive sentences, as R.C. 2953.08(C) requires. However, the prior leave requirement of that section is now superseded by App.R. 5(D), which merges the motion for leave into the error assigned. Because the section and the rule conflict in that respect, the prior leave requirement of R.C. 2953.08(C) is void and of no effect. Article IV, Section5(B), Ohio Constitution.
 {¶ 9} The State also argues that the basis for an R.C.2953.08(C) appeal of consecutive sentences cannot apply because the sentence for the most serious offense of which Defendant was convicted, murder, was not imposed per R.C. 2929.14(A), but per R.C. 2929.02(B). The State is correct that R.C. 2953.08(C) appeals are limited to consecutive sentences imposed per R.C.2929.14(E)(3) or (4) that exceed the maximum prison term allowed by R.C. 2929.14(A) for the most serious offense of which Defendant was convicted. However, the mandates of R.C.2929.14(E)(4) apply to consecutive prison terms imposed for all felony offenses. Therefore, any claim that the trial court erred when it imposed consecutive sentences is a claim that the consecutive sentences were imposed "contrary to law," which is appealable as a matter of right per R.C. 2953.08(A)(4), and further reviewable per R.C. 2953.08(G)(2)(b). Prior leave to appeal is not then required. State v. Myers (Dec. 15, 2000), Champaign App. No. 00CA3; State v. Culp (May 25, 2001), Champaign App. No. 00CA17; State v. Nyberg (June 21, 1999), Fayette App. No. CA98-11-018. Defendant's appeal is properly before this court.
 {¶ 10} Per R.C. 2953.08(G)(2), our standard of review on appeal is not whether the sentencing court abused its discretion.State v. Lofton (Jan. 16, 2004), Montgomery App. No. 19852, 2004-Ohio-169; R.C. 2953.08(G)(2). Rather, we may increase, reduce, or otherwise modify a sentence that is appealed, or vacate the sentence and remand the matter for resentencing if we clearly and convincingly find either (1) that the record does not support the sentencing court's findings under the relevant statute [R.C. 2929.14(E)(4) in this case], or (2) that the sentence is otherwise contrary to law. Culp, supra.
 {¶ 11} "Contrary to law" means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. Griffin and Katz, Ohio Felony Sentencing Law (2002 Ed.), § T 9.7 "Where a sentencing court fails to make findings required in R.C. 2929.13 or R.C. 2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12, or fails to set forth reasons when reasons are required in R.C. 2929.19, the sentence is contrary to law."Id., at p. 779, citing State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110.
 {¶ 12} In order to impose consecutive sentences, the trial court must make certain findings set out in R.C. 2929.14(E)(4), which provides:
 {¶ 13} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} Furthermore, the court must give its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c).
 {¶ 18} At the sentencing hearing the trial court stated:
 {¶ 19} "As to the tampering evidence consecutive sentence, the Court finds the sentence is necessary to protect the public, to punish the Defendant. So its sentence is not disproportionate to the conduct and danger that the Defendant imposes.
 {¶ 20} "The Court finds that the crimes were committed while the Defendant was under sanction.
 {¶ 21} "The Court finds that the Defendant's conduct created a harm so great that a single term does not adequately reflect the seriousness of the conduct.
 {¶ 22} "The Court finds that the criminal history shows the consecutive terms are needed to protect the public.
 {¶ 23} "All those findings will be incorporated in the Court's Journal Entry of Sentence."
 {¶ 24} Defendant claims that the court recited no facts, and there are none in this record, which support the particular finding the court made pursuant to R.C. 2929.14(E)(4)(b). Even assuming that is so, we note that the court additionally made the other two alternative findings in R.C. 2929.14(E)(4)(a) and (c). This record clearly supports the finding in R.C.2929.14(E)(4)(a), as Defendant was on community control for previous convictions for breaking and entering and arson at the time she committed these offenses. Any one of the three alternative findings in R.C. 2929.14(E)(4)(a)-(c) is sufficient for consecutive sentences.
 {¶ 25} Defendant further argues that the sentence the court imposed for murder, which with the three year firearm specification which must by law be served consecutively, amounts to eighteen years to life, satisfies the overriding purposes of felony sentencing: to protect the public from future crime by Defendant and to punish Defendant. Thus, Defendant claims that imposing a four-year prison term on her for tampering with evidence consecutive to the sentence imposed for murder was not necessary to protect the public from future crime or to punish Defendant, which is a requirement for imposing consecutive sentences. See R.C. 2929.14(E)(4). In other words, Defendant argues that this record does not support the court's findings pursuant to R.C. 2929.14(E)(4). We disagree.
 {¶ 26} In its journal entry of sentence, the court indicated that it had considered the presentence investigation report and had been guided by the purposes and principles of felony sentencing in R.C. 2929.11. As support and reasons for the sentence it imposed, the trial court stated:
"NOT SHORTEST SENTENCE — Count Two
 {¶ 27} "The shortest term was not imposed because:
 {¶ 28} "It demeans the seriousness of the offense and does not adequately protect the public.
 {¶ 29} "This is a third-degree felony, and Defendant tampered with the murder weapon, thereby severely hindering case prosecution.
"PRISON REASONS
 {¶ 30} "The sentence does not impose an unnecessary burden on the State or local resources.
 {¶ 31} "The Court finds that:
 {¶ 32} "Defendant committed physical harm to a person.
 {¶ 33} "The present offense was committed while Defendant was under community control.
 {¶ 34} "Defendant possessed a firearm.
 {¶ 35} "After weighing seriousness and recidivism factors, the Court finds that prison is consistent with the purposes and principles of sentencing, and Defendant is not amenable to an available community sanction.
 {¶ 36} "MORE SERIOUS — § 2929.12(B).
 {¶ 37} "The Court finds the factors that determine more serious conduct are as follows:
 {¶ 38} "The offense was committed while Defendant was on community control.
 {¶ 39} "Defendant has a history of criminal convictions.
 {¶ 40} "Defendant has not responded favorably to sanctions previously imposed in adult court.
 {¶ 41} "Defendant shows no genuine remorse.
 {¶ 42} "The victim suffered serious physical harm.
 {¶ 43} "Defendant's relationship with the victim facilitated the offense.
 {¶ 44} "RECIDIVISM MORE LIKELY — § 2929.12(D).
 {¶ 45} "The Court finds the factors that make recidivism more likely are as follows:
 {¶ 46} "The offense was committed while Defendant was on community control.
 {¶ 47} "Defendant has a history of criminal convictions.
 {¶ 48} "Defendant has not responded favorably to sanctions previously imposed in adult court.
 {¶ 49} "Defendant shows no genuine remorse.
 {¶ 50} "The victim suffered serious physical harm.
 {¶ 51} "Defendant's relationship with the victim facilitated the offense."
 {¶ 52} The record in this case, particularly the presentence investigation report, demonstrates that Defendant has previous convictions including an offense of violence for which she was subject to community control sanctions when she committed these offenses. The previous sanctions have not changed Defendant's criminal behavior, which has become even more serious and violent. For instance, despite Defendant's mother's pleas for her life, Defendant shot and killed her mother at very close range with a shotgun. Moreover, Defendant refuses to accept responsibility for her criminal conduct, claiming that she would not have done this had Daniel Parker, her co-defendant, not told her to do it so they could be together and have babies. This record supports the findings the trial court made to justify consecutive sentences. R.C. 2929.14(E)(4)(a) and (c).
 {¶ 53} Defendant also complains that her consecutive sentences are too harsh and are excessive. Essentially, that is a claim that the trial court was simply wrong in the conclusion that it reached, and has nothing to do with whether the trial court failed to follow some required procedure to impose the sentence it selected. Such "abuse of discretion" claims are not a proper ground for appeal, R.C. 2953.08(A), or a matter for which R.C. 2953.08(G) permits appellate review. Lofton, supra; Statev. Alvarez (Sept. 26, 2003), Montgomery App. No. 19670,2003-Ohio-5094.
 {¶ 54} Finally, Defendant complains that the reasons the court gave for imposing consecutive sentences are insufficient because they merely echo the statutory findings in R.C.2929.14(E)(4). We agree that the requirement imposed by R.C.2929.19(B)(2)(c) to give reasons for imposing consecutive sentences is separate and distinct from the duty to make findings pursuant to R.C. 2929.14(E)(4), and therefore merely repeating the statutory findings will not satisfy R.C. 2929.19(B)(2)(c).State v. Culp, supra.
 {¶ 55} In the trial court's journal entry of sentence, under the heading Consecutive Reasons, the trial court repeats the statutory language comprising the findings the court must make pursuant to R.C. 2929.14(E)(4). However, that is not the extent of the court's reasons. The court goes on to give additional reasons which support its findings.
 {¶ 56} "REASONS FOR FINDINGS
 {¶ 57} "The reasons that support these findings are as follows:
 {¶ 58} "1. Two of the prison sentences are mandatory.
 {¶ 59} "2. Concurrent sentencing demeans the sentencing process.
 {¶ 60} "3. The shortest sentence demeans the sentencing process.
 {¶ 61} "4. A firearm was used.
 {¶ 62} "5. Loss of life took place."
 {¶ 63} Under the headings "Prison Reasons" and "Reasons for Findings," the court gives various reasons which support its findings and consecutive sentences. Some relate to the seriousness of the offense and the likelihood of recidivism. Very few, if any, merely repeat the findings in R.C. 2929.14(E)(4). On this record we cannot "clearly and convincingly" find that the record does not support the court's findings, or that the sentence is otherwise contrary to law.
 {¶ 64} The first and second assignments of error are overruled.
 {¶ 65} THIRD ASSIGNMENT OF ERROR
 {¶ 66} "The Trial Court Erred TO Defendant-appellant's prejudice by ordering that defendant-appellant repay the costs of her representation due to the fact that defendant-appellant was found indigent by the trial court and has been sentenced to a twenty-two years-to-life term of imprisonment."
 {¶ 67} Defendant argues that the trial court erred when it ordered her to pay the costs of her legal representation as part of the court costs the court imposed.
 {¶ 68} R.C. 120.33 governs the payment of counsel's legal fees for indigent criminal defendants who have court appointed counsel, and provides in section (A)(4) in relevant part:
 {¶ 69} "The fees and expenses approved by the court shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or may reasonably be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the
 {¶ 70} the county an amount that the person reasonably can be expected to pay."
 {¶ 71} We construe this section of the Revised Code to mean that before a court may order an indigent defendant who had court appointed counsel to pay back to the county some part of the cost of that legal representation, the court must first make a finding or determination that the person has, or may reasonably be expected in the future to have, the means to pay back some part of the cost of the services rendered. In other words, the trial court must consider the defendant's ability to pay back the cost of any legal fees before making such an order. Cf: R.C.2929.19(B)(6), which requires the trial court to consider a defendant's ability to pay a fine. The trial court made no such finding or determination in this case. Instead, the trial court merely stated in its sentence entry:
 {¶ 72} "COST PAYMENT
 {¶ 73} "Defendant to pay — judgment granted — execution awarded.
 {¶ 74} "Defendant is ordered to pay back the legal fees, and such fees will be added to the cost of the case.
 {¶ 75} "Defendant shall pay $50 per month by the 28th of each month toward costs and fine, beginning two (2) months after release from prison."
 {¶ 76} In this case, unlike that of Furrow's co-defendant,State v. Daniel Parker (Mar. 19, 2004), Champaign App. No. 03CA17, 2004-Ohio-1313, we are unable to infer from the record, particularly the presentence investigation report, that the trial court adequately considered Defendant's present and future ability to pay. The record indicates that Defendant has no assets. Defendant was found indigent for purposes of trial and appeal, and for that very reason the court refused to impose any fines. Defendant has a very limited employment history, and Defendant is presently serving twenty-two years to life in prison. Having failed to make any determination regarding Defendant's present or future ability to pay, the trial court's order that Defendant pay back the cost of her legal representation as part of the court costs is contrary to law.
 {¶ 77} The third assignment of error is sustained. That portion of the trial court's sentence ordering Defendant to pay as part of the court costs the cost of her legal representation will be vacated. This matter will be remanded to the trial court for a determination of Defendant's present and future ability to pay such costs, and resentencing on that issue. Otherwise, Defendant's conviction and sentence is affirmed.
Fain, P.J. and Wolff, J., concur.