OPINION
{¶ 1} Following a plea of guilty to felonious assault, Daniel Ray Williams was sentenced to four years in prison. Williams now appeals from his sentence, raising as a single assignment of error that "the trial court erred in imposing a sentence that was unsupported by the record and contrary to law."
 {¶ 2} The trial court record is somewhat sparse, but does indicate that the crime in question involved an assault on Williams' girlfriend. After a confrontation with his girlfriend, Williams threatened her with a gun and hit her in the head with the gun. Williams originally was charged with intimidating a witness as well as felonious assault, but the first charge was dropped in exchange for the guilty plea. The State also agreed not to oppose community control with inpatient drug treatment.
 {¶ 3} Before Williams pled guilty, the trial court explained that it was not bound by the prosecutor's recommendation, and that it would investigate to decide the proper sentence. After the plea was received, the court referred the matter to the Greene County Adult Probation Department for a presentence investigation.
 {¶ 4} At the sentencing hearing, the court indicated that it had considered the content of the presentence investigation, and had decided that Williams failed to overcome the presumption for a prison term. In particular, the court noted that Williams currently had a detainer from Fulton County, presumably for non-support, and that Williams had previously served a term in the juvenile justice system. Notably, the juvenile term included drug treatment. In view of these facts, as well as the fact that the offense involved physical harm to a person, the court commented that Williams would not be a good candidate for community control. The court then made the required statutory findings for imposing sentence.
 {¶ 5} On appeal, Williams contends that the trial court's decision was unsupported and contrary to law because Williams did not have a prior felony record, had never previously been in prison, and had an admitted drug problem for which he needed treatment.
 {¶ 6} Under R.C. 2953.08(G)(2), we review the record, including trial court findings underlying a sentence, and may:
 {¶ 7} "increase, reduce or otherwise modify a sentence that is appealed * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 8} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 9} "(b) That the sentence is otherwise contrary to law."
 {¶ 10} Clear and convincing evidence has been defined as "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Culp (May 25, 2001), Champaign App. No. 2000 CA 17, 2001 WL 561288, *3 (citation omitted). "`It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.'" State v. Eppinger, 91 Ohio St.3d 158,164, 2001-Ohio-247, 743 N.E.2d 881, citing Cross v. Ledford
(1954),161 Ohio St. 469, 477, 120 N.E.2d 118.
 {¶ 11} "`Contrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. * * * `Where a sentencing court fails to make findings required in R.C.2929.13 or R.C. 2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12, or fails to set forth reasons when reasons are required in R.C. 2929.19, the sentence is contrary to law.'" State v. Furrow, Champaign App. No. 03 CA 19,2004-Ohio-5272, at ¶ 11, citing State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131.
 {¶ 12} The claim in the present case is not that the trial court failed to comply with statutory sentencing requirements; instead, the claim is that the court's decision was not supported by the evidence. However, we disagree. Williams' offense was a first degree felony, which carries a presumption in favor of a prison term. R.C. 2929.13(D). In such situations, the sentencing court may impose community control sanctions instead of a prison term if the court makes both of the following findings:
 {¶ 13} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 14} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 15} After reviewing the case, the trial court commented that there was nothing in the file that would overcome the presumption of a prison term. In particular, the court focused on Williams' prior incarceration as a juvenile, his lack of response to previous drug treatment, and the nature of the offense as one in which harm was involved.
 {¶ 16} R.C. 2929.12 outlines various factors trial courts must consider in assessing the seriousness of an offender's conduct and the likelihood of recidivism. The statute also gives courts discretion to consider any other relevant factors. Williams contends that the trial court failed to consider or inaccurately evaluated the factors in R.C.2929.12(B)(1) and(2); R.C. 2929.12(C)(1), (2), and (4), and R.C.2929.12(E)(1), (3), (4), and (5). These factors, Williams believes, weigh in favor of a lesser sentence.
 {¶ 17} R.C. 2929.12(B) details factors that indicate whether a defendant's conduct is more serious than conduct normally constituting a particular offense. In pertinent part, these factors are that:
 {¶ 18} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim [and]
 {¶ 19} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C.2929.12(B)(1) and (2).
 {¶ 20} The Presentence Investigation Report (PSI) reveals that Williams came to the residence of the mother of one of his children, late at night, and accused her of being involved with another man. The victim stated that Williams was very angry and said he would kill her. At that point, Williams pulled out a gun and "pistol-whipped" the victim, causing her to sustain a cut in her mouth. He also continued to assault the victim by pulling her hair and smacking her. Eventually, the victim was able to escape and call the police.
 {¶ 21} According to the PSI, Williams admitted that he had been drinking all day and smoking pot. He also admitted arguing with the victim and exchanging slaps, but otherwise accepted no responsibility and tried to shift most of the blame onto the victim.
 {¶ 22} The record does not reveal any specific fact that would make the conduct more serious than conduct normally constituting the offense. First, there is no indication that the injury was exacerbated by the victim's age or physical condition. Second, even though the victim sustained a cut inside the mouth, there is no indication that the victim suffered serious mental, physical or emotional harm. Our comments in this regard are not intended to discount the fact that an assault occurred; we are simply noting that the particular factors outlined in R.C.2929.12(B)(1) and (2) are not present in this case.
 {¶ 23} By the same token, community control is not warranted simply because an offense fails to meet the criteria for being "more serious" than normal. Specifically, the presumption for a prison term is overcome only when the court (in addition to other things), finds that a defendant's conduct is "less serious" than conduct that would normally constitute the offense. The most that can be said in the present case is that Williams' conduct is probably consistent with conduct that would normally constitute felonious assault. Put another way, Williams' conduct may be more serious than some conduct that qualifies as felonious assault, but less serious than other assaults.
 {¶ 24} Williams was charged with violating R.C. 2903.11(A)(2), which provides that "[n]o person shall knowingly * * * (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 25} In State v. Green (1991), 58 Ohio St.3d 239, 241,569 N.E.2d 1038, the Ohio Supreme Court stated that "the act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient evidence to convict a defendant of the offense of `felonious assault' as defined by R.C.2903.11(A)(2)." In Green, the defendant pointed a loaded rifle at a police officer's head, with the hammer cocked, and shouted, "If you don't have a warrant, get the fuck out of my house." 58 Ohio St.3d at 241-42. The Ohio Supreme Court held that these actions were sufficient to support a conviction for felonious assault. Id.
 {¶ 26} While the defendant's conduct in Green was by no means mild, it was less serious than the actions of the Defendant in the present case, who not only threatened to kill the victim, but also hit her with a gun.
 {¶ 27} R.C. 2929.12(C) specifies factors for evaluating whether an offender's conduct is less serious than that normally constituting a particular offense. In relevant part, these factors are that:
 {¶ 28} "(1) The victim induced or facilitated the offense.
 {¶ 29} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 30} "*
 {¶ 31} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 32} Regarding these matters, if one believes Williams, the most that could be said is that the victim may have induced or facilitated the offense, by arguing and exchanging "slaps." However, the probation officer, and obviously the court, did not accept Williams' version of events. Neither the court nor the probation department is required to accept a defendant's version of a crime. The court, therefore, did not err in failing to find that William's conduct was less serious than conduct that normally constitutes felonious assault.
 {¶ 33} As we noted, for the presumption of prison to be overcome, a court must find (1) that community control would adequately punish the offender and protect the public because of a lesser likelihood of recidivism; and (2) that community control would not demean the seriousness of the offense because the defendant's conduct was less serious than conduct normally constituting the offense. R.C. 2929.13(D). Both findings are required.
 {¶ 34} Regarding the likelihood of recidivism, R.C. 2929.12(E) lists factors indicating whether a defendant is unlikely to commit future crimes. These include, in pertinent part, that:
 {¶ 35} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 36} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 37} "(3) Prior to committing the offense, the offender had led a lawabiding life for a significant number of years.
 {¶ 38} "* * *
 {¶ 39} "(5) The offender shows genuine remorse for the offense."
 {¶ 40} Again, with respect to these points, the PSI indicates that Williams had a lengthy juvenile and criminal history. At the time of the PSI, Williams was only 23 years old. In 1996, at age 16, Williams had completed the McKinley Hall Outpatient Drug Treatment Program as part of his probation. He also served nine months in the Department of Youth Services Mohican program as a juvenile. The charge of felonious assault was the tenth conviction Williams had since turning eighteen. Moreover, all those convictions occurred within about a four year span. In fact, Williams was charged with domestic violence shortly before committing felonious assault.
 {¶ 41} Williams' prior offenses included carrying a concealed weapon, possession of drugs, unauthorized use of a vehicle, disorderly conduct, falsification, domestic violence, and non-support of dependents. For most of these offenses, Williams had either received community control or had served some jail time. At the time of the crimes involved in this case, Williams also had an active probation violation capias from a case in which he had been convicted for possession of drugs. Furthermore, contrary to the statement in Williams' brief, the PSI indicates that the present conviction is Williams' fourth felony conviction as an adult.
 {¶ 42} Rather than containing factors indicating that Williams was less likely to commit future crime, Williams' history fits most of the criteria in R.C. 2929.12(D) for deciding that an offender is likely to commit future crimes. See R.C. 2929.12(D)(1),(2),(3), and (5) (relating to prior criminal history, failure to respond to sanctions previously imposed for criminal conduct, and lack of genuine remorse). Consequently, we reject Williams' contention that the factors in R.C.2929.12 weigh in favor of a lesser sentence.
 {¶ 43} As an additional matter, Williams notes that he acknowledged having a substance abuse problem, and asked for treatment. He further claims that the assault occurred during circumstances that are not likely to occur, i.e., a heated argument. We disagree that these points warrant a reduced sentence or community controls. As the trial court noted, Williams had already participated in a drug abuse program, but continued to abuse drugs. In fact, Williams admitted using pot and drinking all day before the felonious assault. Furthermore, in view of Williams' prior domestic violence conviction, the felonious assault was not an isolated incident, caused by the heat of an argument. Instead, it was a situation that was likely to reoccur.
 {¶ 44} After reviewing the entirety of the lower court file, including the PSI, we find that the record supports the trial court's sentencing decision. Accordingly, the single assignment of error is overruled, and the judgment of the trial court is affirmed.
Wolff, J., and Donovan, J., concur.