OPINION
{¶ 1} Defendant entered a plea of guilty pursuant to a plea agreement to aggravated robbery, a felony of the first degree, with an attached firearm specification. In exchange, the State dismissed a charge of fleeing and eluding. The trial court sentenced Defendant to seven years on the aggravated robbery plus an additional and consecutive three years on the firearm specification, for a total term of ten years.
 {¶ 2} On March 12, 2004, we granted Defendant leave to file a delayed appeal. Defendant's appellate counsel filed a brief pursuant to the rule of Anders v. California (1967), 386 U.S. 738, stating that he could not find any meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. No pro se brief has been received from Defendant. This matter is ready for decision on the merits.
 {¶ 3} The only possible issue for appeal identified by Defendant's appellate counsel is whether the sentence imposed by the trial court is contrary to law due to its length.
 {¶ 4} Per R.C. 2953.08(G)(2), our standard of review on appeal is not whether the sentencing court abused its discretion. State v. Lofton
(Jan. 16, 2004), Montgomery App. No. 19852, 2004-Ohio-169; R.C. 2953.08(G)(2). Rather, we may increase, reduce, or otherwise modify a sentence that is appealed or vacate the sentence and remand the matter for resentencing if we clearly and convincingly find either (1) that the record does not support the sentencing court's findings under the relevant statute, R.C. 2929.14(B) in this case, or (2) that the sentence is otherwise contrary to law. State v. Furrow (September 24, 2004), Champaign App. No. 03C-A-19, 2004-Ohio-5272.
 {¶ 5} "Contrary to law" means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. Griffin and Katz, Ohio Felony Sentencing Law (2002 Ed.), § T 9.7 "Where a sentencing court fails to make findings required in R.C. 2929.13 or R.C. 2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12, or fails to set forth reasons when reasons are required by R.C. 2929.19, the sentence is contrary to law." Id., at p. 779, citing State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 6} Defendant pled guilty to a first degree felony which carries a potential prison sentence of three to ten years. R.C. 2929.14(A)(1). The sentence imposed by the trial court, seven years, is well within the permissible sentencing range and is not the maximum sentence.
 {¶ 7} Pursuant to R.C 2929.14(B), the trial court was required to impose the shortest prison term authorized for this felony offense unless one or more of the following applies:
 {¶ 8} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 9} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 10} The trial court stated at the sentencing hearing that it had reviewed the presentence report. The court also considered and weighed the seriousness and recidivism factors in R.C. 2929.12. Concerning factors that make the offense more serious, the court found that the victim suffered psychological harm from this carjacking, and serious economic harm because the victim lost over $12,000 due to the loss of his vehicle. R.C. 2929.12(B)(2). The court found no factors making the offense less serious, R.C. 2929.12(C). Thus, the more serious factors outweigh the less serious ones.
 {¶ 11} As to factors that indicate Defendant is likely to commit future crimes, the court found that Defendant was on probation or community control at the time of this offense, R.C. 2929.12(D)(1), Defendant has both delinquency adjudications and a history of criminal convictions as an adult, R.C. 2929.12(D)(2). Defendant has not responded favorably to sanctions previously imposed in either juvenile or adult court, R.C. 2929.12(D)(3). And, Defendant lacks any genuine remorse for his offense, R.C. 2929.12(D)(5). The court found no factors that make recidivism less likely. R.C. 2929.12(E).
 {¶ 12} At the sentencing hearing the trial court found on the record both of the alternative findings in R.C. 2929.14(B). State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165. Specifically, the court found that a minimum sentence would demean the seriousness of the offense and would not adequately protect the public from future crime by Defendant. That satisfies the requirement in R.C. 2929.14(B)(2) for imposing more than a minimum sentence. The court additionally made the other alternative finding, that Defendant had previously served a prison term. R.C. 2929.14(B)(1). The court was not required to give reasons per R.C. 2929.19
for the findings it made pursuant to R.C. 2929.14(B). State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 13} Under these facts and circumstances, we cannot clearly and convincingly find that Defendant's sentence is contrary to law. There is no issue regarding Defendant's sentence that has arguable merit.
 {¶ 14} In addition to the potential error raised by appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
Brogan, P.J. and Wolff, J., concur.