OPINION
{¶ 1} Dwain Barlow is appealing his conviction of robbery and theft by a jury. He was sentenced to a five-year term of incarceration and also ordered to pay costs of prosecution in the amount of $586.25, which was subsequently reduced by $306.00 in cash that had been seized from him by the police. On appeal, he contests only the imposition of costs on him, as he was indigent.
 {¶ 2} His appointed counsel relies upon R.C. 2949.14, which reads as follows:
 {¶ 3} "Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted." (Emphasis added).
 {¶ 4} As the appellee points out, however, this statute does not prohibit the imposition of costs on an indigent defendant, but rather simply details the procedure the Clerk of Courts has to go through in order to collect costs from a defendant that is able to pay them. Rather, the imposition of costs of prosecution on all criminal defendants is required by law. See Section 2947.23, which provides "in all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid."
 {¶ 5} Thus, the imposition of costs against all defendants, including indigents, is not only authorized by law but is required by it. See, e.g., State v. Engle (Mar. 19, 1999), Greene App. No. 98-CA-125, where we stated:
 {¶ 6} "[a defendant's indigent status] does not shield him from the burdens imposed on him by the law in the event of conviction. One of those is an obligation to pay for the costs of the action that resulted in his conviction. If he owns property that can be applied against the obligation, the court may order it seized, not withstanding his penury."
 {¶ 7} It is also known that the incarcerated do get paid some small monies for work they perform and such costs can always be collected from those funds.
 {¶ 8} The assignment of error is overruled, and the judgment is affirmed.
Brogan, J. and Wolff, J., concur.