OPINION
{¶ 1} Defendant, Daniel Parker, appeals from his conviction and sentence for tampering with evidence, having weapons while under disability, and attempted obstruction of justice.
 {¶ 2} Defendant, when he was fifty-one years of age, was romantically involved with Jennifer Furrow, who was then twenty-one. Ms. Furrow's mother, Sandra Furrow, opposed her daughter's relationship with Defendant. On or about November 9, 2002, Jennifer Furrow took Defendant's loaded twelve gauge shotgun and placed it inside her home at 103 Audas Street, North Lewisburg, Ohio, where she lived with her mother. On November 10, 2002, during an argument with her mother over her relationship with Defendant, Jennifer Furrow shot and killed her mother with Defendant's shotgun.
 {¶ 3} Defendant went to Ms. Furrow's home shortly after the shooting. She returned Defendant's shotgun, which he subsequently threw into a pond behind his home at 528 West Central Avenue, Delaware, Ohio. Defendant also drove Ms. Furrow out of Champaign County and dropped her off at his ex-wife's residence in Fredrickstown, Ohio.
 {¶ 4} Defendant later told authorities that he first learned that Ms. Furrow had taken his shotgun and killed her mother with it when she told him that, three days after the incident happened. In her confession to police, Jennifer Furrow said that Defendant instructed her to kill her mother so they could be together, that he gave her the shotgun and showed her how to use it, and that within an hour after the shooting Defendant met Ms. Furrow at her home where the shooting took place.
 {¶ 5} Defendant was indicted on one count of complicity to commit aggravated murder, R.C. 2923.03(A)(2)/2903.01(A), one count of tampering with evidence, R.C. 2921.12(A)(1), and two counts of having a weapon while under disability, R.C.2923.13(A)(2). Pursuant to a plea agreement, a bill of information was subsequently filed charging Defendant with attempted obstruction of justice, R.C. 2923.02(A)/2921.32(A)(2), (C)(4). Defendant entered guilty pleas to tampering with evidence, two counts of having weapons under disability, and attempted obstruction of justice. In exchange, the State dismissed the complicity to commit aggravated murder charge.
 {¶ 6} The trial court sentenced Defendant to the maximum term of five years plus a $1,000.00 fine for tampering with evidence, eleven months plus a fifty dollar fine on each count of having weapons under disability, and seventeen months plus a $250.00 fine for attempted obstruction of justice. The court ordered the sentences to run consecutively, for a total of eight years and three months in prison, plus $1,350.00 in fines, plus court costs.
 {¶ 7} Defendant timely appealed to this court. In this appeal Defendant challenges only his sentence.
First Assignment of Error
 {¶ 8} "The court erred in sentencing mr. parker to the longest sentence in the tampering with evidence count."
 {¶ 9} In sentencing Defendant to five years imprisonment for tampering with evidence, the trial court imposed the maximum prison term allowed for a felony of the third degree. R.C.2929.14(A)(3). Per R.C. 2929.14(C), a court may impose a maximum prison term only upon offenders who commit the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders, and upon certain repeat violent offenders. The trial court must also give its reasons when imposing a maximum prison term. R.C.2929.19(B)(2)(d) and (e).
 {¶ 10} The trial court in its judgment entry made the findings necessary to impose a maximum sentence; that Defendant had committed the worst form of tampering with evidence. As its reason for imposing the maximum sentence, the trial court indicated that Defendant's evidence tampering greatly hindered prosecution. Defendant argues that the record does not support the court's findings.
 {¶ 11} Defendant threw the murder weapon into a lake behind his home in order to conceal it and prevent its use as evidence in this case. Defendant argues that the worst form of tampering with evidence would require altering or destroying the evidence so completely that it could no longer be identified or associated at all with the case under investigation. Defendant points out that he merely hid the weapon, which police ultimately found and identified as the murder weapon. According to Defendant, hiding the murder weapon is not the worst form of this offense. We are not persuaded by this argument.
 {¶ 12} In a murder case, and apart from the victim's body, the single most important piece of physical evidence is the weapon that was used. Defendant tried to conceal the murder weapon used by his girlfriend, which belonged to him, in order to hinder the prosecution of his girlfriend for murder and conceal the extent of his involvement in that crime. The tampering with evidence statute, R.C. 2921.12(A)(1), draws no distinction between concealment, altering or destroying evidence with respect to impairing the value or availability of that evidence. We are satisfied that the record supports the trial court's conclusion that Defendant's conduct constitutes the worst form of this offense.
 {¶ 13} As further support for its maximum sentence, the trial court found that Defendant poses the greatest likelihood of committing future crimes, citing Defendant's history of criminal convictions. Defendant argues that his criminal record does not support a conclusion that he poses the greatest likelihood of committing future crimes. We disagree.
 {¶ 14} Defendant has a record of prior convictions dating from 1987. Defendant was twice convicted of domestic violence. He also has prior convictions for gross sexual imposition and having weapons under a disability. Moreover, in weighing the seriousness and recidivism factors, the trial court found several of the R.C.2929.12(D) factors that indicate Defendant is likely to commit future crimes, including Defendant's history of criminal convictions, the fact that he has not responded favorably to sanctions previously imposed, and the fact that Defendant shows no remorse for this offense. Defendant has served time in jail for his prior convictions and his criminal conduct has become more serious and violent in nature. This record amply supports the trial court's conclusion that Defendant poses the greatest likelihood of committing future crimes.
 {¶ 15} The first assignment of error is overruled.
Second Assignment of Error
 {¶ 16} "The court erred in sentencing mr. parker to consecutive sentences."
 {¶ 17} A trial court may impose consecutive sentences "if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 * * * {¶ 18} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 19} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C.2929.14(E)(4).
 {¶ 20} The trial court must give reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c).
 {¶ 21} Defendant concedes that the trial court made the necessary findings per R.C. 2929.14(E)(4)(b) and (c) to justify consecutive sentences. Defendant argues, however, that the reasons the court gave and this record do not support the court's findings.
 {¶ 22} As reasons for imposing a maximum sentence and consecutive sentences, the trial court stated:
 {¶ 23} "1. Count Two is a third-degree felony
 {¶ 24} "2. The evidence tampering greatly hindered prosecution.
 {¶ 25} "3. Defendant has been convicted of sex offenses in another county.
 {¶ 26} "4. Defendant has been to prison before.
 {¶ 27} "5. The pre-sentence investigation revealed the extent of Defendant's involvement in the current situation.
 {¶ 28} "6. Defendant's pattern of aggravation is reflected in the pre-sentence report.
 {¶ 29} "7. Defendant's activity in conjunction with the co-defendant resulted in the death of an innocent person."
 {¶ 30} In determining that Defendant's conduct is more serious than conduct normally constituting the offense, R.C.2929.12(B), and that Defendant is likely to commit future crimes, R.C. 2929.12(D), the court found the following factors present:
 {¶ 31} "The victim suffered serious physical, psychological, or economic harm.
 {¶ 32} "Defendant's relationship with the victim facilitated the offense.
 {¶ 33} "Defendant has a history of criminal convictions and juvenile delinquency adjudications.
 {¶ 34} "Defendant has not responded favorably to sanctions previously imposed in adult court.
 {¶ 35} "Defendant shows no genuine remorse."
 {¶ 36} The record in this case, especially the presentence investigation report, demonstrates that Defendant has a history of criminal conduct and prior convictions for which he has served time in jail. These previous sanctions have not changed Defendant's criminal behavior, which has instead become more serious and violent in nature.
 {¶ 37} Defendant's claim of limited involvement in Jennifer Furrow's murder of her mother was rejected by the trial court. According to Furrow, Defendant instructed her to kill her mother and then furnished her with a loaded shotgun and showed her how to use it. After the fatal shooting, Defendant threw the murder weapon into a lake behind his home, and then transported Furrow out of the county where the shooting took place.
 {¶ 38} This record supports the findings the trial court made to justify consecutive sentences: the history of Defendant's criminal conduct shows that consecutive sentences are necessary to protect the public from future crime.
 {¶ 39} The second assignment of error is overruled.
Third assignment of error
 {¶ 40} "The court erred in imposing fines in addition to the prison term as mr. parker was found to be indigent for both the trial phase and the appeal."
 {¶ 41} R.C. 2929.19(B)(6) provides that before imposing a financial sanction under R.C. 2929.18, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine. In addition to sentencing Defendant to terms of imprisonment, the trial court imposed fines totaling $1,350.00, and ordered Defendant to pay court costs. Defendant argues that because there is no explicit statement by the court to demonstrate that it considered his present or future ability to pay, the imposition of fines is contrary to law.
 {¶ 42} R.C. 2929.19(B)(6) does not require the trial court to hold a hearing on Defendant's ability to pay a fine. Rather, it only requires that the trial court consider that issue. State v.Martin, 140 Ohio App.3d 326, 2000-Ohio-1942. While it might be preferable, a trial court is not required to expressly state that it considered Defendant's ability to pay a fine. State v.Slater (September 26, 2002), Scioto App. No. 01CA2806, 2002-Ohio-5343. The court's consideration of that issue may be inferred from the record under appropriate circumstances. Id.;Martin, supra. That is the case here.
 {¶ 43} In its final judgment entry the trial court stated:
 {¶ 44} "Defendant shall pay $50 per month, by the 28th of each month, toward costs and fine, beginning two months after release from prison."
 {¶ 45} By deferring payment of the fines until two months after Defendant is released from prison, and setting monthly payments on the fines at only fifty dollars, the trial court acknowledged that it would take some time after Defendant's release from prison for him to obtain employment, and that his income would likely be nominal. Additionally, the trial court indicated at the sentencing hearing that it had considered for sentencing purposes the information contained in the presentence investigation report. That document includes information about Defendant's employment history and finances. It is readily inferrable from the record, and specifically the court's judgment entry setting forth the terms for Defendant's payment of the fines and costs, that the trial court did consider Defendant's present and future ability to pay those fines and costs.
 {¶ 46} The third assignment of error is overruled.
Fourth Assignment of Error
 {¶ 47} "A sentence of eight plus years for the charges creates an unnecessary burden on the state's resources and will do little to protect the public."
 {¶ 48} R.C. 2929.13(A) provides that the sentence of the court shall not impose an unnecessary burden on state or local government resources. Defendant argues that because of his advanced age, fifty-two, and the length of his sentence, eight years, it will be expensive for the State to meet his health care needs while he is incarcerated, plus he will be less employable and unable to earn a retirement pension after his release from prison, and accordingly he may become a burden on the State's welfare system. Thus, Defendant asserts that the trial court's sentence in this case unduly burdens state and local government resources. We disagree.
 {¶ 49} The conservation of resources principle contained in R.C. 2929.13(A) is consistent with the two overriding purposes of felony sentencing set out in R.C. 2929.11, and is a relevant sentencing criterion that the court must consider. State v.Ober (Oct. 10, 1997), Greene App. No. 97CA19; Griffin Katz, Ohio Felony Sentencing Law (2002) at p. 75. However, it does not override the seriousness and recidivism factors in R.C. 2929.12.Ober, supra.
 {¶ 50} The record fully supports the trial court's determination that Defendant is not amenable to an available community control sanction and that a term of imprisonment is consistent with the two overriding purposes of felony sentencing: it is necessary to protect the public from future crime by the offender and to punish the offender. Under those circumstances, a prison sentence does not violate the conservation of resources principle. Ohio Felony Sentencing Law, supra, at p. 75. Although imposing a community control sanction may have saved state and local government funds, the trial court's decision to impose a prison term in this case did not result in anunnecessary burden on government resources.
 {¶ 51} The fourth assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, P.J. and Young, J., concur.