OPINION
{¶ 1} Defendant, Melissa Ayers, appeals from her conviction and sentence for trafficking in crack cocaine.
 {¶ 2} Pursuant to a negotiated plea agreement, Defendant entered pleas of guilty to three counts of trafficking in crack cocaine. Two counts were felonies of the fifth degree and one count was a felony of the fourth degree. In exchange, the State dismissed two charges of possessing criminal tools. The State recommended community control sanctions with in-patient drug treatment and an underlying sentence of twenty-two months, to be suspended. The trial court sentenced Defendant to six months on each count, to be served consecutively, for a total of eighteen months in prison. While the court did not impose any fine, it ordered Defendant to pay two hundred sixty dollars in restitution, plus court costs.
 {¶ 3} We granted Defendant leave to file a delayed appeal.
 ASSIGNMENT OF ERROR {¶ 4} "The trial court erred in imposing a sentence that was unsupported by the record and contrary to law."
 {¶ 5} Defendant challenges only her sentence, arguing that her sentence is excessive and that the record does not support consecutive sentences.
 {¶ 6} Initially we note that during the plea hearing Defendant acknowledged that she had not been promised any specific outcome in exchange for her pleas. The trial court emphatically explained that it was not bound by the State's recommendation of community control, and Defendant indicated that she understood that and that she faced a maximum penalty of three and one-half years in prison and a ten thousand dollar fine.
 {¶ 7} Per R.C. 2953.08(G)(2), our standard of review on appeal is not whether the sentencing court abused its discretion. State v. Lofton
(Jan. 16, 2004), Montgomery App. No. 19852, 2004-Ohio-169; R.C. 2953.08(G)(2). Rather, we may increase, reduce, or otherwise modify a sentence that is appealed or vacate the sentence and remand the matter for resentencing if we clearly and convincingly find either (1) that the record does not support the sentencing court's findings under the relevant statute, R.C. 2929.14(E)(4) in this case, or (2) that the sentence is otherwise contrary to law. State v. Furrow (September 24, 2004), Champaign App. No. 03-CA-19, 2004-Ohio-5272.
 {¶ 8} "Contrary to law" means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. Griffin and Katz, Ohio Felony Sentencing Law (2002 Ed.), § T 9.7 "Where a sentencing court fails to make findings required in R.C. 2929.13 or R.C. 2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12, or fails to set forth reasons when reasons are required in R.C. 2929.19, the sentence is contrary to law." Id.,., at p. 779, citing State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 9} The trial court did not follow the State's recommendation for community control sanctions with drug treatment. After reviewing the presentence investigation report, the principles and purposes of felony sentencing, and the seriousness and recidivism factors, the trial court imposed the minimum authorized prison term on each count, six months, which was well within the permissible sentencing range for felonies of the fourth and fifth degree. See: R.C. 2929.14(A)(4) (5).
 {¶ 10} Defendant argues that given her history of drug problems, the State's recommendation for community control with drug treatment, and her willingness to complete drug treatment, the trial court's sentence to terms of imprisonment was excessive or too harsh. Essentially, that is a claim that the trial court was simply wrong in the conclusion that it reached, and has nothing to do with whether the trial court failed to follow some required procedure to impose the sentence it selected and thus whether the sentence is contrary to law. Such "abuse of discretion" claims are not a proper ground for appeal, R.C. 2953.08(A), or a matter for which R.C. 2953.08(G) permits appellate review. See: Furrow, supra,
and the cases cited therein.
 {¶ 11} In order to impose consecutive sentences, the trial court must make certain findings set out in R.C. 2929.14(E)(4), which provides:
 {¶ 12} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 13} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 14} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 15} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 16} Furthermore, the court must give its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c).
 {¶ 17} Defendant does not argue that the trial court failed to make the necessary statutory findings to impose consecutive sentences, or that it failed to give reasons to support its findings. Our review of the sentencing hearing reveals that the trial court did make the findings required by R.C. 2929.14(E)(4)(c) and gave its reasons as required by R.C. 2929.19(B)(2)(c). Defendant argues that the record does not support the court's findings that it made to impose consecutive sentences. We disagree.
 {¶ 18} The record discloses that at the time of committing these offenses Defendant had previously served one or more prison terms. That finding, pursuant to R.C. 2929.13(B)(1)(g), along with the court's additional findings that a prison sentence is consistent with the purposes and principles of sentencing, and that Defendant is not amenable to community control because she has previously been placed on probation only to have it revoked after violating its terms, overcomes the presumption in favor of community control that applies to fourth and fifth degree felonies and requires the trial court to impose a prison term. R.C. 2929.13(B)(2).
 {¶ 19} Defendant has served multiple prison terms and she acknowledges she has a history of non-compliance with drug treatment programs, including three inpatient facilities from which she was unsuccessfully discharged. Moreover, when Defendant was previously in prison she did not take advantage of available drug treatment programs. Although Defendant was in an outpatient treatment program at the time of sentencing, she was not in compliance with the terms of that program. Accordingly, the trial court found that Defendant posed a likelihood of recidivism. We also note that the PSI recommended terms of imprisonment.
 {¶ 20} We conclude that this record, particularly Defendant's prior criminal history, her failed attempts at drug treatment and her continuing involvement in drug activity, supports the findings the trial court made in order to impose consecutive sentences.
 {¶ 21} Finally, Defendant complains about that part of the trial court's sentence that requires her to pay restitution without first considering her present or future ability to pay the amounts concerned.
 {¶ 22} R.C. 2929.18(A)(1) authorizes the trial court to impose financial sanctions upon an offender, including restitution. Before imposing any financial sanctions, the trial court has a mandatory duty to "consider the offender's present and future ability to pay the amount of the sanction." R.C. 2929.19(B)(6). There is, however, no requirement that the court hold a hearing on the matter, nor is the court obligated to make any express findings on the record regarding defendant's ability to pay a financial sanction, although that, in our opinion, is clearly the better practice. All that is required is that the trial court consider Defendant's ability to pay. State v. Bemmes (April 5, 2002), Hamilton App. No. C-010522, 2002-Ohio-1705; State v. Martin, 140 Ohio App.3d 326,2000-Ohio-1942.
 {¶ 23} A finding that Defendant is indigent for purposes of appointment of counsel does not shield a defendant from paying court costs which are required by law, State v, White, 103 Ohio St.3d 580,2004-Ohio-5989; State v. Barlow (Nov. 26, 2003), Montgomery App. No. 19628, 2003-Ohio-6530. Neither does it prohibit the trial court from imposing a financial sanction. State v. Kelley (2001),145 Ohio App.3d 277, 283; State v. Cooper (Feb. 6, 2004), Lake App. No. 2002-L-091, 2004-Ohio-529.
 {¶ 24} In examining the record in this case, we find nothing in the transcript of the sentencing hearing or in the trial court's sentencing entry that demonstrates that the trial court considered Defendant's ability to pay restitution.
 {¶ 25} Information contained in a presentence investigation report relating to defendant's age, heath, education and employment history, coupled with a statement by the trial court that it considered the presentence report, has been found sufficient to demonstrate that the trial court considered defendant's ability to pay a financial sanction.State v. Martin, supra; State v. Dunaway (Mar. 10, 2003), Butler App. No. CA2001-12-280, 2003-Ohio-1062; State v. Parker (Mar. 19, 2004), Champaign App. No. 03CA17, 2004-Ohio-1313. Here, although the trial court stated that it had reviewed the presentence report, that document has not been included in the files and records presented to this court. Neither does the State rely on its contents to refute Defendant's contention. Without knowledge of the contents of that presentence report, we cannot infer from it that the trial court considered Defendant's present and future ability to pay a financial sanction.
 {¶ 26} Accordingly, because the record before us fails to demonstrate that the trial court considered Defendant's present and future ability to pay financial sanctions, the court's order that Defendant pay restitution is contrary to law. That portion of Defendant's assignment of error is sustained. The restitution order will be reversed and vacated, and the matter remanded to the trial court for a determination of Defendant's present and future ability to pay restitution, and resentencing on that issue. Otherwise, Defendant's conviction and sentence will be affirmed.
Wolff, J. and Young, J., concur.