OPINION
{¶ 1} Defendant-appellant Cedric E. Powell appeals the decision of the trial court overruling his motion to vacate an order requiring him to pay the costs of his prosecution totaling $2,232.60. Powell filed a notice of appeal on January 12, 2005.
 I {¶ 2} After being convicted of charges including rape, kidnapping, felonious assault, corruption of a minor, pandering sexually oriented matter involving a minor, and illegal use of a minor in sexually oriented material, Powell was sentenced to an aggregate twenty-two years in prison on November 10, 1999. It is undisputed that at the sentencing hearing, the trial court did not inform Powell that he was required to reimburse the State for the costs of his prosecution.
 {¶ 1} However, in the termination entry filed on November 15, 1999, and the nunc pro tunc termination entry filed on February 28, 2001, Powell was ordered to pay the costs of his prosecution. Neither entry stated the amount that was to be paid, but ordered costs to be collected by the clerk of courts.
 {¶ 2} For an unspecified reason, the clerk of courts did not send Powell notice of the outstanding costs until April 20, 2004, when it began seizing funds from his prison account in order to satisfy the debt totaling $2,232.60. To date, the clerk of courts has seized $72.54 from Powell's prison account, leaving a remaining balance of $2,166.06. For the purposes of this appeal, Powell is designated as indigent, and he earns approximately $17.00 a month in prison.
 {¶ 3} On December 2, 2004, Powell filed a motion to vacate the trial court's order requiring him to pay the costs of his prosecution. The trial court overruled said motion on December 13, 2004. It is from this judgment that Powell now appeals.
 II {¶ 4} Because Powell's two assignments of error are interrelated they will be discussed together:
 {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE COURT COSTS/GARNISHMENT PROCEEDINGS AS COSTS OF PROSECUTION WERE NOT ASSESSED AGAINST APPELLANT AT SENTENCING."
 {¶ 6} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE COURT COSTS/GARNISHMENT PROCEEDINGS AS FAILURE TO WAIVE COSTS OF PROSECUTION WAS AN ABUSE OF DISCRETION."
 {¶ 7} In his brief, Powell contends that the trial court waived the costs of his prosecution when it failed to address said costs during his sentencing hearing on November 10, 1999. Powell asserts that pursuant to R.C. §§ 2947.23(A) and 2949.092, the trial court had a statutory duty to assess the costs of his prosecution at the sentencing hearing. Moreover, Powell argues that the trial court erred when it ordered him to pay the prosecution costs in a termination entry filed on November 15, 1999, and the nunc pro tunc termination entry filed on February 28, 2001, because payment of the costs was not properly ordered at the time of sentencing. We disagree.
 {¶ 8} Initially, it should be noted that Powell concedes that he was unable to locate any case law to support his waiver argument.
 {¶ 9} The language of R.C. § 2947.23 clearly mandates the imposition of court costs and the costs of prosecution in all felonies. R.C. 2947.23(A)(1) states in pertinent part:
 {¶ 10} "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs."
 {¶ 11} There is no requirement that the imposition of the costs of prosecution be articulated on the record at the sentencing hearing although such a practice is preferable. Imposition of the costs of prosecution is mandatory in all criminal cases. State v. Barlow (November 26, 2003) Montgomery App. No. 19628, 2003-Ohio-6530. Thus, the trial court has no discretion to waive said costs.
 {¶ 12} Additionally, Powell's assertion that R.C. § 2949.092
permits the trial court to waive the costs of his prosecution is without merit. Simply put, that section of the Revised Code does not apply to the instant case. R.C. § 2949.092 states in pertinent part:
 {¶ 13} "If a person is convicted of or pleads guilty to an offense and the court specifically is required, pursuant to section 2743.70, 2949.091, or 2949.093 of the Revised Code or pursuant to any other section of the Revised Code to impose a specified sum of money as costs in the case in addition to any other costs that the court is required or permitted by law to impose in the case, the court shall not waive the payment of the specified additional court costs that the section of the Revised Code specifically requires the court to impose unless the court determines that the offender is indigent and the court waives the payment of all court costs imposed upon the offender."
 {¶ 14} After a thorough review of R.C. § 2949.092, we find that the statute does not supercede the clear and unequivocal language in R.C. § 2743.23(A)(1) which requires imposition of the costs of prosecution in all criminal cases. R.C. § 2949.092
applies only to those "additional costs" imposed pursuant to R.C. §§ 2743.70, 2949.091, or 2949.093. Each of the statutes also explicitly states that the trial court maintains its discretion to waive the additional costs if the defendant is judged to be indigent. As previously discussed, R.C. § 2743.23 confers no discretion upon the trial court with respect to the imposition of the costs of prosecution, even if the defendant is indigent.
 {¶ 15} In State v. Engle (March 19, 1999), Greene County App. No. 98-CA-125, we held that a defendant's indigent status "does not shield him from the burdens imposed on him by the law in the event of conviction. One of those [burdens] is an obligation to pay for the costs of the action that resulted in his conviction. If he owns property that can be applied against the obligation, the court may order it seized * * *." Recently, the Ohio Supreme Court also held that a trial court may assess costs of prosecution against an indigent defendant convicted of a felony as part of sentence, and the clerk of courts may attempt to collect said costs from that defendant. State v. White
(2004), 103 Ohio St.3d 580, 817 N.E.2d 393. In the instant case, the trial court, pursuant to R.C. § 2947.23, correctly ordered Powell to pay the costs of his prosecution, and the clerk of courts' seizure of funds held in Powell's prison account is a permissible method to satisfy the debt.
 {¶ 16} Powell's first and second assignments of error are overruled.
 III {¶ 17} All of Powell's assignments of error having been overruled, the decision of the trial court is affirmed.
Wolff, J. and Fain, J., concur.