OPINION
{¶ 1} By decision and entry of August 21, 2006, we ordered the reopening of this appeal to permit Jason Frock to assert as error the failure of the trial court to "consider Frock's present and future ability to pay" restitution in the amount of $17,029 prior to ordering Frock to do so. See R.C. 2929.19(B)(6). *Page 2 
2929.19(B)(6).
 {¶ 2} Frock advances three assignments of error:
 {¶ 3} "1. THE TRIAL COURT ERRED BY ORDERING MR. FROCK TO PAY $17,029.00 IN RESTITUTION WITHOUT CONSIDERING MR. FROCK'S PRESENT AND FUTURE ABILITY TO PAY AS REQUIRED BY R.C. 2929.19(B)(6).
 {¶ 4} "2. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO THE TRIAL COURT'S IMPOSITION OF $17,029.00 IN RESTITUTION WITHOUT CONSIDERING WHETHER MR. FROCK HAD THE PRESENT AND FUTURE ABILITY TO PAY.
 {¶ 5} "3. THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MR. FROCK DUE PROCESS OF LAW BY IMPOSING $17,029.00 IN RESTITUTION WITHOUT CONSIDERING WHETHER MR. FROCK HAD THE PRESENT AND FUTURE ABILITY TO PAY THE AMOUNT."
 I {¶ 6} Frock was sentenced to maximum, consecutive sentences totalling 19½ years for aggravated burglary (first degree felony), burglary (second degree felony), and safecracking (fourth degree felony). On appeal, we modified the burglary to a third degree felony and remanded for resentencing for that offense. State v. Frock (Mar. 17, 2006), Clark App. No. 2004 CA 76; 2006-Ohio-1254. (It appears from the trial court's docket that resentencing has yet to occur).
 {¶ 7} In State v. Hill (July 29, 2005), Clark App. No. 4 C A 47;2005 Ohio 3877, we stated: "Before *Page 3 
"Before imposing a monetary restitution requirement as part of a criminal sentence, the court must `consider the offender's present or future ability to pay.' . . . Further, the record must affirmatively reflect the court's consideration of those questions in the offender's case."
 {¶ 8} In this case, the presentence investigation report, which the trial court said it reviewed, did not address Frock's present or future ability to pay restitution. What the PSI did reveal was that Frock was 21 years old, that he had completed the eleventh grade while in prison, that he was diagnosed as bipolar and paranoid schizophrenic, that he was a substance abuser, and that he had an extensive history of criminal behavior resulting in several juvenile and adult confinements. His employment history consisted of sporadic employment in his grandfather's painting business and as a laborer, both positions described by Frock as "under the table." At the sentencing hearing, the court made no inquiry into Frock's present or future ability to pay restitution. Indeed, this issue never came up. The restitution ordered by the court was based on the damage amounts reported by the victims.
 {¶ 9} Given the lengthy sentence imposed in this case — and the dearth of encouraging information about Frock in the PSI — we are constrained to conclude that the record fails to demonstrate that the court considered Frock's present or future ability to pay restitution.
 {¶ 10} The first assignment of error is sustained.
 II {¶ 11} Frock contends in his second assignment that his trial counsel was ineffective for failing to object to the court's ordering restitution without first considering his present or future ability to pay restitution.
 {¶ 12} In State v. Carson (Nov. 7, 2003), Greene App. No. 2002 CA 73;2003 Ohio 5959, we stated *Page 4 
stated that appellate review of a restitution order was not waived by a failure to object in the trial court.
 {¶ 13} Frock contends that no reasonable attorney would fail to object and count on the court of appeals to correct an error that could have been avoided by a timely objection.
 {¶ 14} Regardless of the merit of this contention as a general proposition, in this case Frock can demonstrate no prejudice resulting from his trial counsel's failure to object to the restitution order.
 {¶ 15} See Strickland v. Washington (1984), 466 U.S. 668, State v.Bradley (1989), 42 Ohio St.3d 136.
 {¶ 16} The second assignment is overruled.
 III {¶ 17} In his final assignment, Frock contends that the trial court's order of restitution was plain error. Given our disposition of the first assignment, we need not address this contention.
 {¶ 18} The third assignment is overruled as moot.
 IV {¶ 19} The order of restitution will be reversed and vacated and the case will be remanded for the trial court's consideration of Frock's present and future ability to pay restitution.
 GRADY, J. and DONOVAN, J., concur. *Page 1