OPINION
{¶ 1} Defendant, Demetrius Lenton, pled guilty in Clark County Common Pleas Court Case No. 05CR796 to possessing powder cocaine in an amount greater than five grams but less *Page 2 
than twenty-five grams, a felony of the fourth degree. As part of the plea agreement, Defendant agreed to forfeit $2,936.00 in cash that was seized. In exchange, the State dismissed all other charges and specifications in that case.
 {¶ 2} In Case No. 06CR29 Defendant pled guilty to possessing powder cocaine in an amount less than five grams, a felony of the fifth degree, and the State dismissed all other charges and specifications in that case.
 {¶ 3} The trial court sentenced Defendant in Case No. 05CR796 to fifteen months in prison, imposed a $3,000 fine, ordered forfeiture of the $2,936.00, and suspended Defendant's driver's license for three years. In Case No. 06CR29 the trial court sentenced Defendant to ten months in prison, a $1,500 fine, and a three year license suspension. The sentences in Case Nos. 05CR796 and 06CR29 were ordered to run consecutively.
 {¶ 4} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an Anders brief,Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, stating that he could not find any meritorious issues for appellate review. Appellate counsel raised one possible issue for appeal. We notified Defendant of his appellate counsel's representations and afforded him *Page 3 
time to file a pro se brief, which he has now filed, raising three assignments of error. This matter is now before us for a decision on the merits of Defendant's direct appeal.
 {¶ 5} The sole possible issue for appeal raised by Defendant's appellate counsel is that the trial court abused its discretion in imposing a sentence that is excessive/too harsh. We note that the trial court did not impose the maximum sentence on either Defendant's fourth or fifth degree felony drug offenses. More importantly, this court has held that an abuse of discretion claim is not a ground for which R.C.2953.08 permits appellate review. State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169; Sate v. Johnson, Montgomery App. No. 20597,2005-Ohio-2866.
 {¶ 6} This assignment of error is overruled.
 {¶ 7} In his pro se brief Defendant raises three assignments of error, the first of which states:
 FIRST ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COUNSEL'S ASSISTANCE WAS INEFFECTIVE WHEN HE FAILED TO FILE AN AFFIDAVIT TO WAIVE FINES PURSUANT TO R.C. 2929.18(B)(1) BEFORE SENTENCING, AND THE TRIAL COURT ERRED UNDER R.C. 2929.14 BY IMPOSING A FINE DEFENDANT COULD NOT PAY."
 {¶ 9} R.C. 2929.18 authorizes the trial court to impose a *Page 4 
fine up to $2,500.00 for a felony of the fifth degree, and up to $5,000.00 for a felony of the fourth degree. R.C. 2929.18(A)(2),(3). The trial court imposed a fine of $3,000.00 for the fourth degree felony drug possession offense in Case No. 05CR796, and $1,500.00 for the fifth degree felony drug possession offense in Case No. 06CR29.
 {¶ 10} R.C. 2929.18(B)(1) provides:
 {¶ 11} "For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." (Emphasis added).
 {¶ 12} Defendant argues that his trial counsel performed in a deficient manner when he failed to file an affidavit pursuant to R.C.2929.18(B)(1) on Defendant's behalf prior to *Page 5 
sentencing in order to avoid payment of any fines. By its very terms, however, R.C. 2929.18(B)(1) applies only to mandatory fines imposed for first, second or third degree felony violations of Chapter 2925 of the Revised Code. Those matters are not implicated in this case by Defendant's conviction for fourth and fifth degree felony drug offenses, which do not carry mandatory fines. R.C. 2929.18(B)(1) does not apply, and therefore defense counsel did not perform in a deficient manner by failing to file a poverty affidavit pursuant to that provision.
 {¶ 13} Defendant additionally complains that the trial court should have conducted a hearing to determine his ability to pay the fines imposed. R.C. 2929.19(B)(6) requires the trial court to consider Defendant's present and future ability to pay before imposing any financial sanction under R.C. 2929.18. In State v. Felder, Montgomery App. No. 21076, 2006-Ohio-2330, at ¶ 64, this court stated:
 {¶ 14} "A hearing on a defendant's ability to pay is not mandated, though the trial court may hold a hearing if necessary to determine the issue. R.C. 2929.18(E). Neither is the court obligated to make any express findings on the record regarding a defendant's ability to pay a financial sanction, although in our opinion that is clearly the better practice. *Page 6 State v. Ayers (January 7, 2005), Greene App. No. 2004CA0034,2005-Ohio-44. All that is required is that the trial court `consider' a defendant's ability to pay. Id . A finding that a defendant is indigent for purposes of appointed counsel does not shield the defendant from paying court costs or a financial sanction. Id."
 {¶ 15} The presentence investigation report that the trial court considered in this case contains information relative to Defendant's age, education, and employment history, and that fact is sufficient to demonstrate that the trial court considered Defendant's ability to pay a financial sanction. Felder; Ayers; State v. Parker, Champaign App. No. 03CA17, 2004-Ohio-1313.
 {¶ 16} The assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 17} "THE TRIAL COURT ERRED BY ENHANCING DEFENDANT-APPELLANT'S SENTENCE OVER THE PRESUMPTIVE MINIMUM WITHOUT SUBMITTING THE JUDICIAL FACT-FINDINGS TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION FROM DEFENDANT-APPELLANT"
 THIRD ASSIGNMENT OF ERROR {¶ 18} "THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE UPON DEFENDANT-APPELLANT WITHOUT SUBMITTING THE *Page 7 
JUDICIAL FACT-FINDINGS TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION FROM DEFENDANT-APPELLANT."
 {¶ 19} In these related assignments of error, Defendant argues that the trial court violated his Sixth Amendment right to jury trial by imposing greater than minimum sentences and consecutive sentences based upon findings of fact made by the trial court pursuant to R.C.2929.14(B) and 2929.14(E)(4), when those findings were neither admitted by Defendant nor considered by a jury, which violates the rule ofBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403 and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 20} A review of the sentencing hearing discloses that the trial court discussed Defendant's record, the fact that recidivism is likely because Defendant had other cases pending when he committed each of the offenses in this case, and the fact that previous efforts to rehabilitate Defendant have been unsuccessful. However, the greater than minimum sentences and the consecutive sentences in this case were not imposed on findings made by the court pursuant to R.C. 2929.14(B)or 2929.14(E)(4). Accordingly, Blakely and Foster are not implicated.State v. Gillespie, Montgomery App. No. 21747, 2007-Ohio-3439.
 {¶ 21} These assignments of error are overruled. The
judgment of the trial court will be affirmed.
 BROGAN, J. And DONOVAN, J., concur. *Page 1