[Cite as *State v. Rose*, 2011-Ohio-3616.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24196 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2009-CR-2985 |
| v. | : | |
| | : | (Criminal Appeal from |
| ROBERT ROSE | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of July, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

BRYAN K. PENICK, Atty. Reg. #0071489, Byran K. Penick Co., LPA, 371 West First Street, Second Floor, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

RICE, J., sitting by assignment.

{¶ 1} After pleading guilty to one count of felony-four burglary, appellant, Robert Rose, was sentenced to serve 15 months in prison and ordered to pay the victims $31,844.87 in restitution. At issue in this appeal is whether the trial court erred in ordering restitution.

For the reasons discussed in this opinion, we reverse the trial court's decision with respect to the restitution order, and remand the matter for further proceedings.

{¶ 2} On June 6, 2009, Corwin and Deborah Newell's home was burglarized. Appellant was eventually arrested and charged by bill of information with one count of burglary, in violation of R.C. 2911.12(A)(4), a felony of the fourth degree. On October 20, 2009, appellant entered a plea of guilty to the charge. A restitution hearing commenced on February 23, 2010, at which the state submitted evidence of the victim's economic loss. The victim, Deborah Newell, prepared a list of 103 items that were stolen. The list included the value or replacement cost of each item. The total replacement value of all stolen items was $35,858.

{¶ 3} Ms. Newell testified she had provided the list to her insurance company and received an insurance settlement in the amount of $4,013.13. After considering the testimony, Ms. Newell's list, the police report, and the insurance settlement, the trial court determined Ms. Newell suffered an economic loss of $31,844.87 and entered judgment in that amount in the victim's favor.

{¶ 4} Appellant now appeals and assigns the following error for our consideration:

{¶ 5} "The trial court erred in imposing a sentence that was unsupported by the record and contrary to law."

{¶ 6} Appellant asserts the trial court erred in awarding restitution in the amount of $31,844.87 because: (1) the order was not comparable to the victim's economic losses and, thus, resulted in an unjust economic windfall inuring in the victim's favor; and (2) the trial court failed to consider appellant's present and future ability to pay.

{¶ 7}   We review a trial court's order of restitution under an abuse of discretion standard. See, e.g., *State v. Naylor*, Montgomery App. No. 24098, 2011-Ohio-960, at ¶22.   A trial court abuses its discretion when its restitution order fails to "* * * bear a reasonable relationship to the actual financial loss suffered."   *State v. Ratliff*, Clark App. No. 10-CA-61, 2011-Ohio-2313, at ¶9, citing *State v. Williams* (1986), 34 Ohio App.3d 33.   This Court has noted that abuse of discretion has been defined as "[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence."   *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, at ¶18, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11.

{¶ 8}   With respect to a restitution order, this court has explained that a trial court acts within its discretion if there is "* * * competent, credible evidence in the record to support the trial court's order of restitution 'to a reasonable degree of certainty.' "   *Ratliff*, supra, at ¶15, quoting *State v. Summers*, Montgomery App. No. 21465, 2006-Ohio-3199, at ¶44.   Thus, "[t]he amount of restitution requested should, if necessary, be substantiated through documentary or testimonial evidence."   *State v. Bender*, Champaign App. No. 2004 CA 11, 2005-Ohio-919, at ¶10.

{¶ 9}   In sentencing a defendant, a court may impose financial sanctions in an amount based upon a victim's financial loss suffered as a result of an underlying crime.   R.C. 2929.18(A) governs restitution orders and provides, in relevant part:

{¶ 10}   "If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court.   If the court

imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender.  If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."   R.C. 2919.18(A)(1).

{¶ 11} Pursuant to R.C. 2929.19(B)(6), when imposing financial sanctions, a trial court must consider an offender's present and future ability to pay.   Although it is preferable, a court imposing financial sanctions need not expressly state on record that it considered an offender's ability to pay.   *State v. Parker*, Champaign App. No. 03CA0017, 2004-Ohio-1313, at ¶42. Where the trial court fails to make an explicit finding on a defendant's relative ability to pay, this court has observed that a trial court's consideration of this issue may be "inferred from the record under appropriate circumstances."   Id.

{¶ 12} In this case, the trial court held a restitution hearing to establish the economic loss the victim suffered as a result of the burglary to which appellant pleaded guilty.   At the hearing, Ms. Newell testified she and her husband had compiled a list of the items that were taken in the burglary for purposes of reimbursement from their insurance company.   The inventory consisted of 103 items, each of which included an estimated cash value as well as a cost "to repair/replace."  Attached to the inventory were nine receipts which specifically documented the value of several items included in the summary.

{¶ 13} Many of the items in the inventory were pieces of jewelry.   The values of items

for which Ms. Newell did not have a receipt were "looking them up on line, talk - - going to jewelers and going to pawn shops and describing the items that were stolen and getting the replacement value at - - of what it would cost me to replace them today." She further testified that her experience of working at a jewelry store for one and one-half years was helpful to establish the values of some of the jewelry items.

{¶ 14} After submitting their insurance claim, the record reveals Ms. Newell and her husband received a check for $4,013 from their insurance company. While the amount was significantly lower than the estimated value of the loss, Ms. Newell testified she did not have her jewelry independently insured and her home owner's policy had an aggregate "special limit liability" of $2,500 on lost jewelry claims.

{¶ 15} Ms. Newell acknowledged that, upon reporting the burglary, she told the responding officer she had lost approximately $10,000 in jewelry; she testified, however, that, at that time, she had not fully examined the extent of her losses. Given the testimony and exhibits, the trial court's restitution order bears a reasonable relationship to the victim's losses. Our analysis, however, does not end with this conclusion.

{¶ 16} As discussed above, in ordering restitution, a trial court is required to consider a defendant's present and future ability to pay the amount ordered. In *State v. Ayers*, Greene App. No. 2004CA0034, 2005-Ohio-44, this court held a trial court's order of restitution was contrary to law because there was nothing in the record indicating the trial court considered the defendant's ability to pay the ordered amount. This court observed:

{¶ 17} "Information contained in a presentence investigation report relating to defendant's age, health, education and employment history, coupled with a statement by the trial

court that it considered the presentence report, has been found sufficient to demonstrate that the trial court considered defendant's ability to pay a financial sanction. *State v. Martin*, supra; *State v. Dunaway* (Mar. 10, 2003), Butler App. No. CA2001-12-280, 2003-Ohio-1062; *State v. Parker* (Mar. 19, 2004), Champaign App. No. 03CA17, 2004-Ohio-1313. Here, although the trial court stated that it had reviewed the presentence report, that document has not been included in the files and records presented to this court. Neither does the State rely on its contents to refute Defendant's contention. Without knowledge of the contents of that presentence report, we cannot infer from it that the trial court considered Defendant's present and future ability to pay a financial sanction." *Ayers*, supra, at ¶25.

{¶ 18} Other cases from this district are equally clear as to a trial court's obligation on this issue. See *State v. Frock*, Clark App. No. 2004 CA 76, 2007-Ohio-1026, at ¶6-9 (PSI in record but restitution order reversed for court's failure to adequately consider the defendant's ability to pay); *State v. Hill*, Clark App. No. 04CA0047, 2005-Ohio-3877, at ¶11-12 (restitution order reversed because record did not "affirmatively reflect" the court's consideration of a defendant's ability to pay); *State v. Moore* (Oct. 30, 1998), Greene App. No. 97CA137, (restitution was appropriate but contrary to law because court failed to consider the defendant's ability to pay).

{¶ 19} In this case, there is no evidence in the record suggesting the trial court considered appellant's present and future ability to pay the amount of the restitution order. The court did not state it reviewed the PSI; and, in fact, the PSI was waived. Without some indication that the court possessed information from which we could infer it met its statutory obligation of considering appellant's ability to pay the restitution order, e.g., a PSI or something else in the

record reflecting appellant's age, health, education, and employment history, the order is contrary to law.   See *Ayers*, supra.

{¶ 20} We therefore hold that, even though the amount ordered bears a reasonable relationship to the losses suffered, without considering appellant's ability to pay the financial sanction, the order must be reversed and vacated.   Appellant's assignment of error is accordingly sustained.

{¶ 21} For the reasons discussed in this opinion, the restitution order entered by the Montgomery County Court of Common Pleas is reversed and the matter is remanded to the trial court for a determination of appellant's present and future ability to pay restitution and resentencing on that issue.   All other aspects of appellant's sentence, however, remain unaffected by this judgment and order.

· · · · · · · · · · ·

FROELICH and HALL, JJ., concur.

(Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck, Jr./Johnna M. Shia
Bryan K. Penick
Hon. Frances E. McGee