**[Cite as *State v. Fitzgerald*, 2020-Ohio-1525.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-45 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-87 |
| | : | |
| TAHLEEF YASMEEN FITZGERALD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of April, 2020.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

ANDREW C. SCHLUETER, Atty. Reg. No. 0086701, P.O. Box 96, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} On May 7, 2018, defendant-appellant Tahleef Yasmeen Fitzgerald was indicted for the following offenses: Count I, grand theft of a motor vehicle, a felony of the fourth degree; Count II, failure to comply with the order or signal of a police officer, a felony of the third degree; Count III, receiving stolen property (RSP), a felony of the fourth degree; Count IV, obstructing official business, a felony of the fifth degree; Count V, tampering with evidence, a felony of the third degree; Count VI, possession of criminal tools, a felony of the fifth degree; Count VII, RSP, a felony of the fourth degree; and Count VIII, RSP, a felony of the fifth degree. At his arraignment on May 9, 2018, Fitzgerald pled not guilty to the charged offenses.

{¶ 2} On June 14, 2018, Fitzgerald, through counsel, requested a competency evaluation. The evaluation was completed and, on August 8, 2018, the trial conducted a competency hearing. The trial court's entry filed following the hearing indicates the trial court was in receipt of the evaluation, the parties accepted the evaluator's findings, and Fitzgerald was found competent to stand trial.

{¶ 3} On August 27, 2018, Fitzgerald, again through counsel, filed a plea of not guilty by reason of insanity (NGRI) and requested the completion of a NGRI evaluation. The trial court ordered an examination "to determine [Fitzgerald's] mental condition at the time of the offenses charged." On September 27, 2018, the trial court conducted a hearing regarding the NGRI examination. The court's post-hearing entry indicates that the evaluator concluded that Fitzgerald "knew the wrongfulness of the acts charged." The entry also states that Fitzgerald "challenged" the examiner's conclusions and requested a second evaluation. The trial court declined to order a second NGRI evaluation.

{¶ 4} On October 26, 2018, Fitzgerald pled guilty to Count II (failure to comply), Count III (receiving stolen property), Count IV (obstructing official business), Count V (tampering with evidence), and Count VII (receiving stolen property).   As part of the plea agreement, the State dismissed the remaining counts.   The trial court accepted Fitzgerald's guilty pleas and ordered the probation department to prepare a presentence investigation report (PSI).   At disposition on November 21, 2018, the trial court sentenced Fitzgerald as follows: Count II, 36 months in prison; Count III, 18 months; Count IV, six months; Count V, nine months; and Count VII, 11 months.   The trial court ordered that the sentences imposed for Counts III and V to be served consecutively to one another but concurrently to the sentences imposed for Counts IV and VII.   The trial court ordered that the sentence imposed for Count II be served consecutively to all of the other sentences pursuant to R.C. 2921.331(D).   The aggregate prison term was 63 months.[1]   Fitzgerald was also ordered to pay restitution in the amount of $3,652.77.

{¶ 5} Fitzgerald filed a timely notice of appeal on December 21, 2018.   On May 15, 2019, Fitzgerald's former appellate counsel filed a brief pursuant *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that she could not find any arguably meritorious appellate issues.   Upon review, we concluded that a complete

---

[1]  In relevant part, R.C. 2929.14(C)(3) provides that, "[i]f a prison term is imposed for * * * a felony violation of division (B) of section 2921.331 of the Revised Code, the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed on the offender." Similarly, R.C. 2921.331(D) provides that, "[i]f an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."   Therefore, the trial court was required to order that the sentence for Count II be served consecutively to all of the other sentences imposed.

record of the proceedings before the trial court had not been filed. Therefore, we rejected the *Anders* brief and appointed new counsel, with instructions to supplement the record and then to file, as appropriate, a merit brief or an *Anders* brief. Specifically, we ordered newly-appointed appellate counsel to supplement the record with the August 8, 2018, and September 26, 2018, competency hearing transcripts, as well as the competency and NGRI evaluations. The competency and NGRI evaluations were filed on November 18, 2019, and the competency hearing transcripts were filed on November 22, 2019.

{¶ 6} On December 10, 2019, new-appointed counsel for Fitzgerald filed a second *Anders* brief, stating that he could not find any arguably meritorious appellate issues. However, counsel asserted the following potentially meritorious issues for our review: 1) whether the trial court erred by accepting Fitzgerald's guilty pleas because they were not knowingly, intelligently, and voluntarily made; 2) whether the trial court erred by imposing the maximum sentence for Count II (failure to comply); and 3) whether the trial court erred by imposing consecutive sentences in regard to Counts III (receiving stolen property) and V (tampering with evidence). Though informed of his right to file a pro se brief, Fitzgerald has not done so.

### *Anders* Standard

{¶ 7} An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d

Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.   A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8.   If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel. *Id.* at ¶ 7, citing *Pullen.*   In order to perform the required complete examination, we must, of course, have a full record of the proceedings before the trial court.

{¶ 8} Fitzgerald's first potentially meritorious assignment of error is as follows:

THE TRIAL COURT ERRED IN ACCEPTING MR. FITZGERALD'S PLEA OF GUILTY BECAUSE IT WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶ 9} "Crim.R. 11(C)(2)(a) provides that, before accepting a guilty plea, a court must '[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.' " *State v. Jones*, 2d Dist. Montgomery No. 24772, 2013-Ohio-119, ¶ 6.

{¶ 10}   "The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11." *State v. Jennings*, 2d Dist. Clark No. 2013 CA 60, 2014-Ohio-2307, ¶ 6, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29.   "However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements." *Id.*, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).   "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *Nero* at 108.

**{¶ 11}** "Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect." *Jennings* at ¶ 7, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. "Prejudice in this context means that the plea would otherwise not have been entered." *Id.*

**{¶ 12}** Upon review of the plea transcript, we conclude that the record reveals no arguably meritorious issues regarding the trial court's compliance with Crim.R. 11 in accepting Fitzgerald's guilty pleas. The record clearly establishes that prior to entering his plea, Fitzgerald was advised of the charge, the possible sentence, and the constitutional and non-constitutional rights he was waiving by pleading guilty. At no point did Fitzgerald express any confusion regarding any of the information provided by the trial court in its Crim.R. 11 colloquy. Rather, Fitzgerald affirmatively stated that he understood the rights he was waiving. Furthermore, the agreement negotiated by the parties benefitted Fitzgerald insofar as the State agreed to dismiss Counts I, VI, and VIII in return for Fitzgerald's pleading guilty to the remaining counts. Therefore, we conclude that the trial court did not violate Crim.R. 11(C)(2)(c) in accepting Fitzgerald's plea, and that he entered his plea knowingly, intelligently, and voluntarily.

**{¶ 13}** Fitzgerald's second potentially meritorious assignment of error is as follows:

THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE

WITH RESPECT TO COUNT 2 OF THE INDICTMENT.

**{¶ 14}** With respect to sentencing, this court has previously noted:

"This court no longer applies an abuse of discretion standard when reviewing felony sentences, as the Supreme Court of Ohio has made clear

that felony sentences are to be reviewed in accordance with the standard set forth in R.C. 2953.08(G)(2)." *State v. McCoy*, 2d Dist. Clark No. 2016-CA-28, 2016-Ohio-7415, ¶ 6, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10, 16. *Accord State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). Under the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 7, citing *Rodeffer* at ¶ 31.

Even before *Marcum*, we had indicated "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5759. *Accord State v. Terrel*, 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, ¶ 14. But "in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. Castle*, 2016-Ohio-4974, 67

N.E.3d 1283, ¶ 26 (2d Dist.). * * *

*State v. Folk*, 2d Dist. Montgomery No. 27375, 2017-Ohio-8105, ¶ 5-6.

{¶ 15} R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 16} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as a part of an organized criminal activity.

{¶ 17} R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim

induced or facilitated the offense, whether the offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 18} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 19} At disposition, the trial court stated the following when imposing sentence upon Fitzgerald:

Trial Court: Court has reviewed the presentence investigation report, statements of Counsel, statements of the Defendant, and Court's interaction with the Defendant. Court has also reviewed the State sentencing memorandum with exhibits and the Defendant's sentencing memorandum. With regard to pre-sentence investigation – and the Court also reviewed the written victim impact statement.

Regarding pre-sentence conduct, the Court finds that the Defendant had previously served two terms of imprisonment. His ORAS score is 33,

which is considered high. Court finds that Counts Two, Three, Four, Five, and Seven are not allied offenses of similar import and do not merge. Court wants to make specific note that on the obstructing official business the Court believes that the State did a good job of differentiating that the obstruction and the risk of physical harm to the officer occurred after the termination of the fleeing and eluding by motor vehicle. And instead occurred during the foot chase, which was part of the continuing course of criminal conduct.

In imposing sentences the Court considered and applied the purposes and principles of sentences of sentencing as modified by the new legislation and as set forth in [R.C.] 2929.11 divisions A, B, and C. The Court also considered the seriousness of the conduct, likelihood of recidivism, and lack of service in the Armed Forces. The Court is going to set forth the seriousness and recidivism factors in the journal entry of sentencing. I've included six seriousness factors. Court concludes that factors establishing conduct is more serious outweigh factors establishing conduct is less serious.

With regard to recidivism, I've included five factors as to more likely to commit future crimes. And two factors under less likely to commit future crimes. I do recognize that the Defendant has led a law-abiding life. But the Court also believes that this may be mitigated by the Defendant's use of 13 aliases. On the issue of genuine remorse, the Court finds that Defendant shows genuine remorse and that he desires mental health

treatment. Court concludes the factors establishing Defendant's recidivism is more likely [sic] outweigh factors establishing Defendant's likelihood of recidivism is less likely.

Court considered military service. Finds he has no military service. Court also makes the [R.C.] 2929.13(B)(1)(b) findings that the Defendant previously served a prison term.

Sentencing Tr. 30-32. Additionally, Fitzgerald's judgment entry of conviction contains all the findings made by the trial court orally at the sentencing hearing pursuant to R.C. 2929.11 and R.C. 2929.12.

{¶ 20} The trial court imposed the maximum sentence (36 months) on Fitzgerald's conviction for Count II, failure to comply with the order or signal of a police officer, a felony of the third degree. The sentence imposed by the trial court was within the permissible statutory range for a felony of the third degree. The record establishes that the trial court reviewed the PSI, Fitzgerald's statements, and the statements of counsel. The record further establishes that the trial court considered the principles and purposes of sentencing under R.C. 2929.11, and that it balanced the seriousness and recidivism factors set forth in R.C. 2929.12. Here, the trial court orally advised Fitzgerald at the sentencing hearing of its findings pursuant to R.C. 2929.11 and 2929.12, and the judgment entry of conviction contained those findings. Thus, we are unable to find "by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23. The sentence is not contrary to law. *See State v. Brammer*, 2d Dist. Greene No. 2017-CA-56, 2018-Ohio-3067, ¶ 19.

{¶ 21} In light of the foregoing, we conclude that the record reveals no arguably

meritorious issues regarding the maximum 36-month sentence imposed by the trial court on Fitzgerald's conviction for Count II, failure to comply with the order or signal of a police officer.

{¶ 22} Fitzgerald's third potentially meritorious assignment of error is as follows:

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES

WITH RESPECT TO COUNTS 3 AND 5 OF THE INDICTMENT.

{¶ 23} In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences").   However, R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 24}** The trial court must both make the statutory findings required for consecutive sentences at the sentencing hearing and incorporate those findings into its sentencing journal entry. *Bonnell* at syllabus. To make the requisite "findings" under the statute, " 'the [trial] court must note that it engaged in the analysis "and that it has considered" the statutory criteria and specifie[d] which of the given bases warrants its decision.' " *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). A trial court need not give a "talismanic incantation of the words of the statute" when imposing consecutive sentences, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Id.* at ¶ 37; *see also State v. Thomas*, 8th Dist. Cuyahoga No. 102976, 2016-Ohio-1221, ¶ 16 ("the trial court's failure to employ the exact wording of the statute does not mean that the appropriate analysis is not otherwise reflected in the transcript or that the necessary finding has not been satisfied").

**{¶ 25}** With respect to the imposition of consecutive sentences on Counts III and V, the trial court made the following findings at the sentencing hearing:

Trial Court: * * * And [on] Counts Three and Five the Court finds that consecutive sentencing is necessary to protect the public from future crime by the Defendant or to punish the Defendant. Consecutive sentences are not disproportionate to the seriousness of the conduct and the danger the Defendant poses to the public. And the Court finds the Defendant's history

of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. And that at least two of the multiple offenses were committed as a part of one or more courses of conduct. And the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the conduct or the Defendant's conduct.

Sentencing Tr. 34. The trial court included its oral findings regarding the imposition of consecutive sentences for Counts III and V in the judgment entry of conviction.

{¶ 26} In Fitzgerald's case, the trial court made the requisite findings to support the imposition of consecutive sentences regarding Counts III and V. Specifically, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish Fitzgerald, and that they were not disproportionate to the seriousness of Fitzgerald's conduct and to the danger he posed to the public. The trial court further found that the offenses were committed as part of a course of conduct and the harm caused by these offenses was so great or unusual that no single prison term adequately reflected the seriousness of his conduct.

{¶ 27} Fitzgerald does not contend that the trial court was incorrect in any of its findings. As is obvious from its comments during the sentencing hearing, the trial court spent a great deal of time explaining its rationale for the sentence it ultimately imposed. Upon review, we cannot conclude that the trial court's findings pursuant to R.C. 2929.14(C)(4) were clearly and convincingly unsupported by the record, and we can find no arguably meritorious issues regarding its decision to impose consecutive sentences.

{¶ 28} In addition to reviewing the possible issues for appeal raised by Fitzgerald's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit.   Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies sent to:

Kevin Talebi
Andrew C. Schlueter
Tahleef Yasmeen Fitzgerald
Hon. Nick A. Selvaggio